744 S.E.2d 543

**In the Matter of Alice D. POTTER, Respondent.**

Appellate Case No. 2013–000962.

No. 27275.

Supreme Court of South Carolina.

Submitted May 23, 2013.
Decided June 26, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Mark Weston Hardee, of The Hardee Law Firm, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed twelve (12) months. In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of a sanction and to complete the Legal Ethics and Practice Program Ethics School within six (6) months of the imposition of a sanction. Finally, respondent agrees to continue treatment for depression for two (2) years following the imposition of a sanction and to provide quarterly reports of her treatment from her treatment professional(s) to the Commission for the two (2) year period. We accept the Agreement and suspend respondent from the practice of law in this state for twelve (12) months. In addition, we impose all of the conditions stated above. The facts, as set forth in the Agreement, are as follows.

### *Facts*

#### *Matter I*

In July 2009, Complainant A retained respondent to pursue a divorce and custody matter against his wife. Complainant A paid the costs of the action and paid respondent $200.00 a month toward the $1,500.00 fee. The fee was fully paid in early 2010.

In May 2010, respondent filed a Summons and Complaint and served the documents on the wife. Complainant A's name was misspelled on most of the documents filed with the Court. Respondent admits she did not correct the misspelling.

A hearing was scheduled for July 27, 2010, but was delayed so that the wife could attend. The hearing was then held on July 29, 2010. Respondent prepared a settlement agreement at Complainant A's direction. Pursuant to the agreement,

Complainant A was to receive sole custody of his two children. The Agreement was initialed and signed by both parties and notarized on July 29, 2010. The Agreement was filed with the Court on July 30, 2010.

An Order and Decree of Divorce, prepared by respondent, was not filed until November 1, 2010. Respondent admits she was not diligent in preparing the order. In the order, respondent wrote "[u]nder the terms of the Agreement, Plaintiff and Defendant will share joint custody of the children ..." This was contrary to the Agreement itself which clearly stated Complainant A was to receive sole custody of the children. Respondent represents she has now corrected the order to reflect that Complainant A has custody of the children with reasonable visitation by the children's mother.

In early 2011, Complainant A attempted to obtain a hard copy of the Order and Decree of Divorce from respondent. Respondent did not return Complainant A's calls and never mailed a hard copy of the Order to Complainant A. Respondent admits she did not respond to Complainant A's calls and did not send him a hard copy of the Order even though he had requested the Order on several occasions. Respondent represents she had previously emailed Complainant A a copy of the final Order.

## Matter II

Respondent was retained in July 2008 to represent Complainant B in a domestic matter. Respondent failed to keep Complainant B reasonably informed about the status of his case and failed to promptly comply with the client's request for information.

On September 26, 2011, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. Respondent did not respond to the *Treacy* letter or to the Notice of Investigation. Respondent did make an appearance before Disciplinary Counsel and answered questions on the record and under oath.

*Matter III*

In August 2010, Complainant C retained respondent for a domestic matter. Respondent failed to keep Complainant C reasonably informed about the status of his case and failed to promptly comply with the client's requests for information. Respondent failed to respond to Complainant C's emails, certified mail, and numerous telephone calls for several weeks at a time.

Respondent failed to inform Complainant C of a scheduled pre-trial conference in October 2011. Complainant C learned of the pre-trial conference from the opposing party in the domestic action.

On October 19, 2011, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, again requesting a response. Respondent did not respond to the *Treacy* letter or to the Notice of Investigation. Respondent did make an appearance before Disciplinary Counsel and answered questions on the record and under oath.

*Matter IV*

In March 2011, respondent was retained to represent Complainant D in a domestic matter. Respondent failed to notify the Court or opposing counsel of her representation and failed to file an answer to the Summons and Complaint. As a result Complainant D was served with a "Request for and Notice of Default Hearing and Final Hearing." Complainant D retained new counsel and requested a refund of unearned fees from respondent. Respondent failed to return the unearned fees to Complainant D.

On January 9, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, again requesting a response. Respondent did not respond to the *Treacy* letter or to the Notice of Investigation.

## Matter V

In October 2011, respondent was retained to represent Complainant E in a domestic matter. Respondent failed to keep Complainant E reasonably informed about the status of her case and failed to promptly comply with Complainant E's requests for information. Respondent represents that the matter has now been resolved.

On February 28, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, again requesting a response. Respondent did not respond to the *Treacy* letter or to the Notice of Investigation.

## Matter VI

Complainant F retained respondent to represent her in a custody action. Respondent failed to keep Complainant F reasonably informed about the status of her case and failed to promptly comply with Complainant F's requests for information. Respondent failed to respond to Complainant F's emails and numerous telephone calls.

On March 6, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. Respondent's response was received on June 27, 2012, approximately ninety-eight (98) days past the due date for the response. Respondent represents Complainant F is now being represented by new counsel.

## Matter VII

Respondent was retained in August 2010 to represent Complainant G in a domestic matter. Respondent failed to keep Complainant G reasonably informed about the status of her case and failed to promptly comply with Complainant G's requests for information.

On May 2, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, again requesting a response. After retaining counsel, respondent's response was received by Disciplinary Counsel on July 2, 2012,

approximately forty-six (46) days past the due date for the response.

### Matter VIII

In March 2010, Complainant H retained respondent for representation in a domestic action. Respondent was paid $3,000 for the representation. Respondent failed to keep Complainant H reasonably informed about the status of her case and failed to promptly comply with the client's requests for information. Respondent failed to respond to her client's telephone calls, text messages, voicemails, and emails. Respondent also failed to diligently represent Complainant H in the domestic action. Complainant H terminated respondent's service by letter dated April 16, 2012, and requested a refund of $2,000 in unearned fees. Respondent refunded the requested amount and provided a letter of apology on or about July 1, 2012.

### Matter IX

Respondent ordered deposition transcripts from a court reporting agency on August 30, 2011. Respondent failed to timely pay for the transcripts in spite of numerous re-billings and letters over a one year period. The amount billed for the transcripts was $ 61.75.

On September 6, 2012, respondent was mailed a Notice of Investigation requesting a response within fifteen days. When no response was received, Disciplinary Counsel attempted to serve respondent with a letter pursuant to *In the Matter of Treacy, id.* The *Treacy* letter was returned to the Office of Disciplinary Counsel marked "unclaimed" by the United States Postal Service.

### Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.2 (lawyer shall abide by client's decisions concerning the objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about the status of the matter and promptly comply

with reasonable requests for information); Rule 1.15(d) (lawyer shall safekeep client funds and promptly remit to third party funds to which party is entitled); Rule 1.16 (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as refunding any advance payment of fee or expense that has not been earned or incurred); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### *Conclusion*

We hereby accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law in this state for twelve (12) months.[1]  Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission and, within six (6) months of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School and provide proof of completion of the program to the Commission.  For the next two (2) years, respondent shall continue to receive treatment for depression and provide quarterly reports addressing her treatment and prognosis from her treatment professional(s) to the Commission for the two (2) year period.  Within fifteen days of the date of this opinion, respondent shall file an

---

1. In imposing this sanction, the Court is mindful of respondent's disciplinary history which includes an admonition in 2002 and letters of caution in 2007 and 1999.  The letters of caution involved client neglect, conduct which is relevant to the misconduct in the current proceeding.

affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY KITTREDGE and HEARN, JJ., concur.